[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SEVER (#115)
In a complaint dated November 10, 1999, the plaintiff, Eastern Savings Bank, FSB, brought this action to foreclose on residential property owned by the defendant, Kenneth A. Martin.[1] The defendant filed an amended answer on April 4, 2000, as well as special defenses, counterclaims and set-offs. The defendant's counterclaims allege that: (1) [the plaintiff] was, and still is, indebted to [the defendant] for the monetary losses resulting from its refusal to release escrowed funds owed to [the defendant] in breach of a mortgage; (2) [the plaintiff] was, and still is, indebted to [the defendant] for the monetary losses suffered by [the defendant] when [the plaintiff] wrongfully commenced a prior foreclosure action against [the defendant] in breach of the mortgage; and (3) [the plaintiff] was, and still is, indebted to [the defendant] for the monetary losses suffered by [the defendant] when [the plaintiff] wrongfully commenced the above-captioned foreclosure against [the defendant] in breach of the mortgage.
On June 6, 2000, the plaintiff moved to sever the defendant's counterclaims from the plaintiff's foreclosure action so that the plaintiff's foreclosure action could proceed independently. In his opposing memorandum, the defendant responds that the counterclaims arise out of the same subject matter as the plaintiff's foreclosure action because the counterclaims attack the enforcement and resulting breach of the mortgage at issue. The defendant argues, therefore, that the counterclaims are properly joined with the foreclosure action.
"[I]n any case in which several causes of action are joined in the same complaint, or as matter of counterclaim or set-off in the answer, if it appears to the court that they cannot all be conveniently heard together, the court may order a separate trial of any such cause of action. . . ." General Statutes § 52-97; Solomon v. Gilmore, 248 Conn. 769, 772
n. 7, 731 A.2d 280 (1999). "The decision to consolidate or sever the trial of different actions is within the sound discretion of the court. . . . Factors to consider are the volume and complexity of the issues, the nature of the evidence involved in each action, and pleading issues."Middletown v. 180 Johnson Road, Superior Court, judicial district of Middlesex at Middletown, Docket No. 082578 (January 6, 1998, Fineberg,CT Page 4216J.). "[A] counterclaim is an independent action for the purposes of determining whether there is a right to a jury trial, and therefore should not be considered as collateral to a foreclosure action." DimeSavings Bank v. D'Agostino, Superior Court. judicial district of New Haven at New Haven, Docket No. 324066 (July 20, 1992, Celotto, J.). "In the interests of preserving both the [defendant's] right to a jury trial on the counterclaim and the plaintiff's right to expeditious resolution of the foreclosure action, the trial court has discretion to retain the foreclosure portion of the case on the court side list, while placing the counterclaim on the jury list. . . . In exercising that discretion, the trial court will necessarily have to weigh the possible preclusive consequences that may attach to a decision on the merits of the foreclosure action in advance of a jury trial on the counterclaim. The balancing of these various concerns is a matter for full consideration on remand." Connecticut National Bank v. Rytman, 241 Conn. 24, 54,694 A.2d 1246 (1997).
The court recognizes the plaintiff's interest in having its foreclosure action adjudicated as quickly as possible. The court finds, however, that because the counterclaims make allegations with respect to the plaintiff's right to enforce the mortgage, the counterclaims address the very heart of the underlying foreclosure action. Consequently, the court finds that it would be prudent to allow the foreclosure action to be adjudicated along with the allegations in the counterclaims. Accordingly, the plaintiff's motion to sever the counterclaims is hereby denied.
HICKEY, J.